# THE ATTORNEY GENERAL
## OF TEXAS



JOHN L. HILL
ATTORNEY GENERAL

July 12, 1976

The Honorable Jackie W. St. Clair          Opinion No. H-845
Commissioner
Texas Department of Labor and              Re: Authority of the
    Standards                               Texas Department of Labor
P. O. Box 12157, Capitol Station           and Standards in the
Austin, Texas   78711                      enforcement of the pre-
                                           vailing wage statute,
                                           article 5159a, V.T.C.S.

Dear Commissioner St. Clair:

    You have requested our opinion regarding the authority
of the Commissioner of the Texas Department of Labor and
Standards to enforce article 5159a, V.T.C.S., the "prevailing
wage" law.  Article 5159a provides, in section 1:

        Section 1.  Not less than the general
    prevailing rate of per diem wages for
    work of a similar character in the
    locality in which the work is performed,
    and not less than the general prevailing
    rate of per diem wages for legal holiday
    and overtime work, shall be paid to all
    laborers, workmen and mechanics employed
    by or on behalf of the State of Texas,
    or by or on behalf of any county, city
    and county, city, town, district or other
    political subdivision of the State, engaged
    in the construction of public works,
    exclusive of maintenance work.

The public body awarding the contract is directed to:

> ascertain the general prevailing rate of
> per diem wages in the locality in which the
> work is to be performed for each craft or type
> of workman or mechanic needed to execute
> the contract, and [to] specify in the call
> for bids for said contract, and in the
> contract itself, what the general prevailing
> rate of per diem wages in the said locality
> is for each craft or type of workman needed
> to execute the contract, also the prevailing
> rate for legal holiday and overtime work . . . .
> Sec. 2.

Furthermore, any contractor who fails to pay the prevailing
rate is required to forfeit the sum of ten dollars per day,
per worker, and the contracting public body is required to
insert this stipulation into every contract.  Section 2
also directs the public body to "take cognizance . . . of
all violations . . . and, when making payments to the
contractor . . . to withhold and retain therefrom all sums
and amounts which shall have been forfeited . . . ."

Article 5159a does not refer to the Texas Department of
Labor and Standards, or to its Commissioner.  The statute is,
however, included in Chapter 3 of Title 83 of the Revised
Civil Statutes.  Article 5159, also included therein, provides:

> The Commissioner of Labor Statistics
> [presently the Commissioner of Labor
> and Standards] shall inquire diligently
> for violations of this chapter and
> institute prosecutions and see that the
> same are carried to final termination
> and generally to see to the enforcement
> of the provision hereof.  (Emphasis
> added).

When article 5159 was originally enacted, in 1915, it read,
in pertinent part:

> It shall be the duty of the Commissioner
> of Labor Statistics to inquire diligently
> for violations of this Act . . . .
> (Emphasis added).

As originally enacted, article 5159 appeared as section 3 of an act regulating the time period for payment of wages to certain employees.

When the Civil Statutes were revised and codified in 1925, the word "chapter" was substituted for "act" in newly revised article 5159.  At that time, there was only one substantive provision in the "chapter."  Article 5159a was not enacted until 1933, and there was no indication in that Act where the statute was to be placed in relation to other statutes.  Both article 5159a and article 5159 were subsequently grouped by West Publishing Company into the Title 83, Chapter 3 series as it appears today.  While a reading of the statutes as printed in Vernon's Texas Civil Statutes would suggest that the Commissioner has enforcement duties under the prevailing wage law, there is no legislative act which would indicate that the enforcement provisions of article 5159 were intended to extend to article 5159a, the prevailing wage law.  The apparent relationship between the two statutes is the result of action by the publishing company and not the Legislature.  As a result, it is our opinion that the enforcement duties presently imposed upon the Commissioner by article 5159 do not embrace the provisions of article 5159a.

We believe this conclusion is mandated by the Supreme Court's decision in Texas Highway Commission v. El Paso Building and Construction Trades Council, 234 S.W.2d 857 (Tex. Sup. 1950).  In that case, a labor organization challenged the prevailing wage rate set by the Texas Highway Commission.  The Supreme Court noted that, prior to its amendment by the Senate, the original version of article 5159a had provided that the Commissioner of Labor should make the final determination in any dispute involving the prevailing wage rate.  But, as the Court observed,

> [t]his provision was deleted from the bill before final passage and the present provision substituted so the Act now reads:  'The term 'general prevailing rate of per diem wages' shall be the rate determined upon as such rate by the public body awarding the contract, or authorizing the work, whose decision in the matter shall be final.'  (Emphasis added.)  234 S.W.2d at 863.

The Court concluded, "[w]e fail to see how more clear language showing the intention of the Legislature could have been used." Id. Thus, it appears from prior case law that the Commissioner of the Texas Department of Labor and Standards is neither required nor permitted to enforce the provisions of article 5159a.

Your next five questions inquire about the investigatory and administrative authority of the Department under article 5159a. As we have indicated, the Department has no responsibility under that statute. The Commissioner is given no authority to inquire into the prevailing wage rate set by a public body; to ascertain whether such rate is correct; or to take any action whatsoever regarding the public body's determination.

You also ask a number of questions as to the duties and responsibilities of public bodies under article 5159a. The answers to these questions depend largely upon the facts of each particular case, and, absent specific examples, we are unable to address these inquiries.

Finally, you ask what is embraced within the meaning of "legal holiday" in section 1 of article 5159a, which requires a public body to pay "not less than the general prevailing rate of per diem wages for legal holiday and overtime work." Article 4591, V.T.C.S., enumerates those dates which "are declared legal holidays." In our opinion, therefore, a particular date is a "legal holiday" for purposes of article 5159a if it is included within the enumeration of legal holidays in article 4591.

S U M M A R Y

The Commissioner of the Texas Department of Labor and Standards is neither required nor permitted to enforce the provisions of article 5159a, V.T.C.S. A particular date is a "legal holiday" for purposes of article 5159a if it is included within the enumeration of legal holidays in article 4591, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb